Our next case is Vertiv v. Wayne Burt, No. 22-3305. I'm not sure if I pronounced the name of Vertiv properly. Vertiv. Okay, close. Council, whenever you're ready, you can take the podium. Good morning, your honors, and may it please the court. Robert T. Sibba of Cypress Shaw, on behalf of the appellants, Vertiv, Inc., Vertiv Capital, Inc., and Naritas, Inc. I'd like to reserve one minute for rebuttal. That's great. Ultimately, at bottom, your honors, this case is really related to whether the district court applied the proper standard, utilized the proper standard, and conducted the correct analysis. Here, we would submit that both of those answers are no, it did not. Well, you make a good argument that ALSTAR is a district court case and Philadelphia Gear is a Third Circuit case, so I think you make a good argument that district court should have been focused on Philadelphia Gear. But isn't it true that the ALSTAR test, to the extent we call it that, includes the two factors from Philadelphia Gear? Not exactly, your honor. The Philadelphia Gear rubric that the Third Circuit put forward was having a two-factor test and having the fact-finding potentially as part of that test, whether that included a hearing or some other factual submissions to the court. The ALSTAR test does not include that. So while some of the factors or the two factors of Philadelphia Gear may get incorporated as part of that test, that second component of the analysis of the fact-finding as to the scope of foreign bankruptcy laws as far as how those play out, whether the equitable distribution analysis is performed in a similar way and whether the stay or dismissal of foreign proceedings would play out, did not occur in this case. And ultimately, the district court, in relying on ALSTAR and the rubric there, part of the other issue, your honor, is that this is a very specific set of circumstances and a specific factual scenario. This was a U.S. entity that was involved in and agreed upon choice-of-form provision and pursuing remedies under U.S. law. The other parallel proceeding, if you will, the other proceeding in the foreign jurisdiction was a liquidation. Well, you weren't pursuing remedies under U.S. law in a U.S. court until two years after this liquidation proceeding in Singapore. Initially, correct me if I'm wrong, but I thought what happened here was after the proceeding was filed in Singapore, you challenged the liquidator, right? Wasn't there some challenge to the validity of the Singaporean proceeding prior to the filing in the U.S. court? No, your honor. That may have taken place, but by other parties. That was not done by the appellants in this case. The appellants in this case were the lenders of certain sums of money. The liquidation proceedings, while they happened in Singapore, the lenders in this case don't operate in Singapore, have no presence in Singapore, have no notice of Singapore. You're saying that Vertiv, Vertiv Capital, and Naritis took no actions whatsoever in the Singaporean liquidation? That is correct. Did any persons affiliated with any of those companies take actions in Singapore? No. So you had no involvement at all in the Singaporean? Zero. Okay. Absolutely zero. Others may have. The other defendant to this case, T.G.S. Mahesh, which was a director of Rain Burr, the company in liquidation, our understanding is that he may have, but that had nothing to do with Vertiv, Vertiv Capital, or Naritis. And that's part of the problem, is because the appellants in this case don't operate in Singapore. They're not part of those proceedings, which really, even under All-Star, challenges the conclusion that this was a parallel proceeding. This was not. The litigation in this case is a relatively straightforward breach of contract case. A bankruptcy proceeding in another case is not really parallel. It would be parallel. How do you define parallel proceeding for this particular comedy analysis? For this particular analysis, if there was a proceeding in the U.S. that was a bankruptcy proceeding, whether Chapter 7, Chapter 11, that would be a parallel proceeding to a bankruptcy proceeding in Singapore, or another jurisdiction. A civil action in the U.S. and a bankruptcy in a foreign jurisdiction are not sufficiently parallel. In particular, whereas here, the liquidation proceeding in Singapore does not appear to necessarily provide for the same remedies or rights to the creditors in this case. I mean, in fact, the appellants here could be deemed creditors, potentially, in that type of proceeding. But there's more to it than that, because it's not just that they're creditors and there's money owed that they want repayment of. Major part of the issue is that the security for the loans that were taken out were stock certificates in a yet third company. Those stock certificates, when the loan defaulted, the ownership of those transferred to the appellants. That's not – there's nothing in the record. The district court analyzed no aspect of that, whether or not the Singapore liquidation proceeding is equipped or whether Singapore law really addresses any of that dynamic. And that is effectively the flaw. Because the district court relied on the Oster standard that does not really perform a search and analysis of those factors, dealing with a foreign bankruptcy proceeding, the district court did not adequately analyze the factors under Philadelphia gear, and thus, its conclusion is flawed. Even under Philadelphia gear, had it, and there had been a fact-finding, our position is that dismissal based on comedy grounds would not have been warranted. But you had the opportunity – your client had the opportunity to present evidence that was disputing the evidence, you know, the documents submitted along with the motion to dismiss. And did the court preclude, in any way, from presenting evidence to show that disputed issues are fact? On a motion to dismiss before the district court, the defendant moved to dismiss. We, as the plaintiff, opposed. The plaintiff, in the case, effectively chose to outline and frame the scope of the arguments. That aspect of submissions of foreign law were not included until the reply. So effectively, no, we did not have the – Well, surely you're familiar with cert replies. You could have easily sought leave to file a cert reply and explain why what they threw over the transom in their reply was out of date, incorrect, misleading. You didn't do that. That is true. There was no cert reply. And I haven't seen you tell our court how what they threw over the transom on their reply was out of date, misleading, inapposite.  It's not – As I understand the Singaporean law here, it's fairly consistent with what we do here in a Chapter 7 liquidation proceeding. And I didn't see anything really meaningful in your briefing to show that that wasn't the case. In other words, you're raising a procedural irregularity. You were saying this was procedurally irregular, but if there had been something substantively lacking in their presentation, I would have expected you to have filed a motion for leave to file a cert reply explaining those substantive discrepancies or weaknesses and likewise, on appeal to us, telling us what those substantive weaknesses are. Well, effectively, it's not so much that the submission of the defendant was misleading or incorrect. The issue here is that it was a very broad generalization. A very broad generalization that that's not really addressed the circumstances of the case. Right, but it's a broad generalization about the law. And if it's a broad generalization about the law that is factually inapposite to your case or otherwise unhelpful, then it's incumbent upon you to explain to us how that's the case. And I didn't see anything in your papers to tell us that. The submission by the plaintiff only dealt with one prong of the Philadelphia gear test. The other prong of the Philadelphia gear is where our challenge lay in our opposition. And that dealt with the stay of proceedings. So the broad generalization that was submitted by the defendant in the case really, in our view, fell quite short of being able to meet the standard because it was just that, a two or three sentence submission. Our reply and our arguments focused on the fact that there's nothing about Singapore law that provides for extraterritorial application of any type of stay or authorizes any type of stay. Certainly, a defendant could always move the court for a stay. Well, but even our law, even our bankruptcy law doesn't provide for that. But yet, I think every case that I've seen does apply the extraterritoriality principle as a matter of comedy. Isn't that the way this typically works? Typically, but in this case, Your Honor, we submit that that was insufficient for a dismissal to be based on comedy of this case. Speaking of the dismissal, I didn't see anything in the record indicate that you challenged the dismissal without prejudice. That seemed to me to be the most atypical part of this case was that we're dealing with a dismissal with prejudice, correct? Correct. But you haven't challenged that, have you? You haven't said the dismissal's okay as long as it was without prejudice. Have you made that argument? I'm not sure I understand, Your Honor. Well, the district court dismissed with prejudice. Correct. It could have dismissed without prejudice. I didn't read anything in your appeal to indicate that you were okay, you were accepting a dismissal as long as it was without prejudice rather than with prejudice. You're correct, Your Honor. We did not draw that distinction because we think the dismissal should be overturned. We think the lower court decision should be reversed. Are you aware of any opinions at all in this area that dismiss with prejudice? I'm sorry? Are you familiar with any decisions at all where a court has done that? I am not, as I stand here, where the dismissals have been with prejudice. But oftentimes in these cases, under the Philadelphia Gear analysis, the cases that have used that analysis, which is a limited number, have not resulted in dismissals at all. There was one case that resulted in a stay, and that was a unique anomaly. But ultimately, as I said, the flaw of the district court analysis really was applying the wrong standard and not fleshing out some of the questions that we're here discussing. For example, what some of the Singapore procedures or proceedings would have entailed, what Singapore law provides for that would warrant a district court completely locking the courthouse doors to a party and having a U.S. company have to pursue remedies in a jurisdiction that it's never operated in, has no contact in, and has... Well, that's why you'd think it would be a real concern to say, hey, we may need to come back and take another bite of the apple here if we find out other things as time goes on. Your time's running out. I do want to get into sort of our analytical framework. Obviously, we're dealing with Philadelphia gear. And OSTAR, or at least the district court in this case, seemed to deal with the first two factors. Didn't we call that the prima facie case in our Philadelphia gear opinion? And then we went on. If the prima facie case is met, then we look at other factors. And if that's the case, then didn't the district court err because they only dealt with the prima facie case and didn't deal with the other factors? The Philadelphia gear prima facie factors are those two-fold factors. Philadelphia gear goes on to talk about effectively a fact-finding or a hearing or additional submissions that do a comparative law analysis. So it's not so much that there were other factors that were beyond the prima facie case. Step two of that analysis would have been if the district court deemed necessary to conduct that sort of fact-finding, whether it was by way of hearing, whether it was by way of submissions, but some sort of comparative analysis of whether or not the proceeding in the other jurisdiction truly squares up with the type of proceeding that was there. Did that occur here? No. Okay. No, that did not occur. The only thing that occurred was that. I thought the district court made a finding that the Singaporean proceeding did square up with our procedures. That finding was based on a submission on reply, as noted. And you should have challenged it, and you didn't. That may be. But ultimately, it's not just the fact that it was on that submission. It was the fact that that submission was, as I said, a very broad brushstroke of encapsulating what the law was. So it was not really sufficiently detailed enough to be able to afford the district court that opportunity. Effectively, the district court. The district court trusted the treatise that was submitted on reply, right? Isn't that what happened? The district court trusted the treatise, despite the fact that there were other factors in or other aspects that were before the court in the record. For example, the counterclaims of the other defendant that were suggestive of there being contrary facts for the court to consider. That was not analyzed at all. Did the Singaporean court ever exercise jurisdiction over Verniv? No. In full candor, several days ago, the debtor in that action attempted to file papers that implicated the appellants in this case. But to my knowledge, that has not been served and jurisdiction has not been exercised. I see that my time is out of that. Judge Freeman has a question. After the dismissal with prejudice, your client had the opportunity to appeal if they so chose anything related to the Rule 60B resolution. Is that your understanding? Thinking back, there was a judgment or ruling on the Rule 60B motion that the court could not enter a judgment in this case because of the proceedings in Singapore. Is that your understanding? I'm not sure I understand the question. Okay, so there were consent judgments entered in this case and the predecessors of this case, right? Those were then vacated on a Rule 60B motion. And the district court found that those judgments were void as a matter of law because of the circumstances in the Singapore case. Correct. And it's my understanding that no determinations that were made in relation to the 60B motion are on appeal now. Is that correct? I see and I understand. Yes, that is correct. No aspects of those orders are on appeal. What this appeal deals squarely with is the amended complaint and the dismissal thereof that were after that point of the prior orders that were vacated. What is your position on whether any of the determinations made in the 60B proceedings have continued relevance to the amended complaint? They really don't have any continued relevance in part because some of the aspects that they were based on were cured. The other aspect of that is there was, although those orders were vacated on submissions, a lot of what underlies those orders or those submissions would really be needed to flesh out in discovery. Those were effectively one-sided submissions that were submitted to the court to vacate that order. And although they were vacated, there was an amended complaint filed that cured any deficiencies. That amended complaint should have then proceeded to discovery to iron out some of those questions that were raised. Okay. So my understanding is that in the amended complaint, your hope is that this court will reverse. You will proceed to a judgment on the merits of the claims in the amended complaint, and there would not be an additional finding that the court is unable to issue a judgment as a matter of law because of the Singaporean proceeding. Correct? That's correct. Okay. Thank you, counsel. Thank you, Your Honor. Go ahead. Good morning, Your Honors. May it please the Court, I am Patrick Collins representing Wayne Burt PTE. I want to start. Mr. Collins, sorry, can I interrupt just at the outset? I understand that your appearance to have been entered on behalf of Wayne Burt PTE, but there is another appellee in this case, TGS Mahesh. Okay. Could you just address whether you in any respect represent Mr. Mahesh? I have nothing to do with Mr. Mahesh, and Your Honor's pointing that out I think warrants a little bit of embellishment regarding the 60B proceedings that you were just discussing because a few things were said that weren't entirely correct, and the nature of those proceedings I think demands a little clarification. The first thing is, with respect to the suggestion that we, to use Judge Hardiman's wording, we threw over the transom, the issue of the Singapore law in reply. During the 60B proceedings, we had an affidavit from our expert on Singapore law who attached various statutes that were implicated, explaining the procedure. It was responded to with Vertiv having its own expert in Singapore law, and the court stating in its opinion, vacating the judgments, that Vertiv does not dispute the characterization of Singapore law offered by Wayne Burt. So this was not new. This wasn't something that they even needed to figure out if they could get a rebuttal in. This was in the record, and this was discussed at length, and in the district court's decision that's on appeal here, toward the end of it, the court quotes at length from the affidavit of our Singaporean expert addressing bankruptcy issues and how there is an equal division of assets among similarly situated creditors. So this was not new. And there was a discussion that they participated in, and they knew that the district court had already included in its opinion the conclusion that there was no dispute on Vertiv's part regarding the state of Singaporean law and the way in which it comports with U.S. bankruptcy law. So that issue should be put to the side. Now, with respect to the 60B motion and Mr. Mahesh, what happened is this. Mr. Mahesh sought to dismiss the liquidation proceedings in Singapore. He did not succeed. Then what happened is Vertiv filed its action. Mahesh accepted service of process on behalf of Wayne Burt, notwithstanding the fact that there was a liquidator appointed who was its legal representative. Mahesh consented to the entry of judgment for $27 million or whatever it was. And now he's a co-defendant because he says he guaranteed the obligation and that he has an iron in the fire with respect to the Singapore proceedings because maybe he'll be on the hook for them. Vertiv relies on an unverified pleading filed by Mahesh's lawyer in which issue is taken with the work of the liquidator in Singapore as if the district court is going to be evaluating the quality and tenor of the work that's being done by this professional there. This is what's going on. This is an effort to subvert the bankruptcy proceedings that are going on in Singapore. And it's really pretty plain. I just wanted to clarify that because it does seem that the interest at this point at least that you represent the company, Wayne Burt PTE, and also perhaps the liquidator. Technically I represent the liquidator. And Mr. Mahesh's interests are not being represented by you in this appeal. No. They seem rather unaligned. He is our enemy as far as we're concerned. He tried to undermine this process. Interestingly enough, the docket shows your name representing both parties. So we may correct that. Did not intend that. So it may be said, and I'm not entirely certain. I've tried to survey the law in this area, that the Third Circuit doesn't have a hard and fast definitive test with respect to where international companies go. Why do we need a test? I'm not sure that you do. Why shouldn't we just allow district courts, you know, this isn't a criminal case. It doesn't involve the Fourth Amendment. But perhaps there's a useful analogy here. Why shouldn't we as a court of review allow district courts to review all the facts and all the circumstances of a case where there appears to be a potential conflict with what a foreign jurisdiction is doing, and then have the district court decide whether comity should be extended and explain its reasons. And then we should review the facts for clear error and the conclusions of law accordingly, without a test. Well, I'm not sure if you're suggesting, Judge Hardiman, that there should be a remand for fact-finding and making that up. No, I'm asking a question as to why or whether we should have a test here. I mean, the Supreme Court has been speaking about international comity for quite some time, and those statements have largely been, in my view, not susceptible to hard and fast rules. They seem to be almost a collection of equitable considerations in deciding whether comity should be extended. Is that how you read the precedents? I think that's a fair characterization. It's also a fair way to look at what the district court did. You don't often see a court saying that. The district court was all over the map. It did Outstar. It did Philadelphia Gear. It added in the hay factors, right? I mean, it's a little bit of everything. Well, what I think the district court did was felt suspenders. The district court did Philadelphia Gear, and Philadelphia Gear is not a very difficult vault in this particular case. Philadelphia Gear tells us we've got to make sure that there is equal distribution of assets to similar situated creditors, and in Philadelphia Gear, the court made the observation that the level of proofs were that they had an affidavit from a Mexican attorney that was not free of ambiguity, but that was good enough. That was sufficient to satisfy this court that the law in Mexico with respect to bankruptcy was sufficiently similar to the U.S. in order to get there. The big issue in Philadelphia Gear was the district court didn't take cognizance of the letter rogatory. That's true. Well, procedurally, the case is a little unusual in that this court was not reviewing a full-blown analysis of what was done, but nonetheless, what the court offered was Here we have the inverse. We have your friend on the other side saying that the court took cognizance of something it shouldn't have because of a procedural irregularity, namely Singaporean law, but you addressed that at the outset of your remarks. Your position is that the question of whether the Singapore liquidation proceeding is something akin or something very foreign to U.S. law was teed up in the district court, and they had every opportunity to challenge it if you were incorrect on that. That's certainly the case, and that would satisfy prong one on Philadelphia Gear. When we get to prong two, which is public policy, I mean, I'm not even sure it's an argument that's being honestly advanced that because the U.S. enforces contracts, the public policy is violated if comedy is extended to the foreign bankruptcy case. I mean, most claims that are asserted in bankruptcy are contract-based. Well, even – I'm not sure you're giving them enough credit. Let me try to proffer their position if I understand it. Let's assume that the Singaporean liquidation would do with a breach of contract claim what our liquidation proceeding would do, which is depending upon where they rank in the hierarchy of creditors, they might get a few cents on the dollar. As I understand their argument, they're saying what we really want as a security creditor is to set the set-tax, I think it was called, stock, $30 million worth of set-tax stock. How do we have any confidence that the Singaporean liquidation proceeding will give due regard to their claim such as it is for the security? Well, I will first say that if we were to say that just because you're talking about a creditor asserting that it has its obligation collateralized, there would be a different outcome on a 12B6, that would be a pretty easy allegation to make with respect to a scenario like this. The next thing is that if we're talking about Singapore law, they already knew our position that the district court had recognized on the 60B motion regarding what Singaporean law provides for in bankruptcy. Now, if there's a reason that the treatment of the secured creditor is going to be sufficiently distinguishable from what would happen in the U.S. over in Singapore, might they not have said something? Might they not be saying something now? Might not this court have had it mentioned to them that, by the way, this is what the law is in Singapore. Collateralization of debt obligations is not recognized in bankruptcy. We didn't see anything like that. I mean, what is the level to which we're supposed to document for the other side what the law actually is? Philadelphia gear told us that what we needed to do was demonstrate that the law of foreign jurisdiction treats creditors equally, that there isn't anything unfair going on with respect to the division of assets. That was done. Add another prong onto this, and probably you're going to be litigating a large number of foreign bankruptcy claims in the U.S. Another point I think worthy of making here, though, is, you know, when we look at the bankruptcy process, what it's intended to do is allow for the orderly, systemic distribution of assets upon the winding up of the affairs of the debtor. When you've got a situation such as Vertiv wants to advance, where you're going to be trying to get a judgment that the entity, which is in bankruptcy, has to defend in a foreign jurisdiction, and with the objective of vaulting over the position of all the which is what they really are trying to do, is that a position that should be consistent with comity? It kind of really undermines the whole proposition, and it would deny the orderly distribution of assets that an insolvency proceeding is intended to achieve. You know what would happen with their 30 million shares of Setex Petrochemicals if that issue were litigated? Or do you have an opinion as to what is likely to happen if that issue is litigated in Singapore? I have not had occasion to investigate that issue, Your Honor. We don't recognize that there was any debt or any collateral or anything, so I haven't gone that far. But your position is the whole deal was a fraud? That is our position, and there are many badges of fraud referred to in the 60B opinion, which Vertiv would prefer not to have this Court be aware of. But they are there in the record that's part of what's before the Court. So can you deal with the point about the dismissal with prejudice? It seems extraordinary. Well, I was okay with it. Of course you were, yeah. But is that defensible on appeal? I will confess that I'd be speaking out of school if I responded to your question, Judge Chigaris. I haven't explored that particular question, I think, any more than my adversary did. I was aware of it, and it agreed with the outcome that we sought, and I didn't find a reason before me to test that particular aspect of it. Did they plead in the alternative?  Did you ask for a dismissal with prejudice or in the alternative a stay? Well, we sought a dismissal, and when you seek a dismissal under 12B-6, I think it's generally recognized not to be with prejudice because it is not a determination based on the factual record. I'll say no more about it than that. We did not characterize our request for relief as being with or without prejudice. And there was no discussion in the district court of softening the nature of the dismissal in terms of without prejudice or just staying the action? There was no oral argument, so there wasn't any interaction with the court beyond the briefing that was done. We all have the same opinion from the district court, from Judge Kastner, that we can conclude as we will regarding what her intentions concerning that were. Just to summarize, I think that the argument that Vertev advances is that Philadelphia gear is the be-all and end-all, should be the focal point here. We'll accept that for purposes of our argument here, and we submit that that test was easily met with respect to what's been presented here. They had the record from the 60B motion before they filed regarding the state of the law of Singapore. They could have put anything in it they wanted to illustrate that somehow or other, a secured creditor wouldn't get the treatment that it wanted. They instead chose to rely on Mahesh's lawyer's unverified statements that maybe the liquidator wasn't doing a very good job, even though the liquidator's work is subject to judicial review in Singapore. There is no public policy that's offended by virtue of the district court's decision. It's a rare case where we're going to deny comity because there is a public policy issue, and certainly not in the standard plain vanilla commercial context that's presented here. So that's all I have, unless the Court has a question for me. Okay, thank you. Thank you, Your Honors. Just a brief rebuttal, Your Honors. Could you start with what Mr. Collins said? Because it seemed pretty compelling that this really wasn't thrown over the transom. This was teed up in the context of the 60B adjudication, and the reply came much later. The defendants filed a motion to dismiss the outline of their arguments. The plaintiffs responded to the defendants' arguments. The fact that certain submissions were made in prior proceedings on prior motions, the plaintiffs did not respond to arguments that were made in other proceedings and other motions. They responded to the arguments that were made squarely on the motion. But that doesn't change the fact that you were aware of their position about the relevance of Singaporean law and that they had shown their cards. They told you why Singapore law was relevant, and they had an affidavit from a lawyer explaining why it was relevant. That's true, but that was not presented on this motion. That was not presented on this motion to dismiss before the court. But that's, I don't know, that strikes me as a really, you know, you want us to reward you for playing ostrich? No. I'm not sure ostriches actually put their heads in the sand. I read that somewhere. No, not necessarily, Your Honor. You're acting like it didn't happen. You were aware of it. That's not necessarily it, Your Honor. Ultimately, on the motion to dismiss, that's the subject of this appeal. Those arguments were not advanced by really either party up until the reply. Had other things been considered, such as the complaint filed by Mahesh with the cross claims, those allegations as to the liquidator should have been accepted as true as well. Those were not addressed in the briefing either. So ultimately, there was multiple things. Yes, we may have been aware of their position generally, but as far as that motion was concerned, that was not brought before the court. Maybe it should have been. Maybe it should have been in a fact-finding proceeding as Philadelphia Gear sort of envisioned, that if there is a, if those two factors are met, then the district court may engage in a fact-finding proceeding to determine the similarities and differences between foreign law and U.S. law. That's a tough question because is it really factual? I mean, it seems like a legal evaluation. I certainly haven't done an exhaustive review of the Singaporean liquidation code, but isn't that a question of law as to whether that code resembles or is quite dissimilar from what we do in bankruptcy or liquidation? No, to the extent that foreign law is treated as a question of fact under U.S. law. So what U.S., what foreign law is, says it provides for, would be a question of fact subject to a fact-finding by the district court. All right, so your argument seems to boil down to the fact that there should have, you're saying there should have been a hearing so the district court could have sussed out what the facts were regarding foreign law? Effectively, yes, and to clarify from some of the commentary earlier, it's not that necessarily the appellants here are asking for a new standard to be created or for courts to be given a new rubric. That may not necessarily be necessary in this case, but Philadelphia Gear does have a specific set of factors and a rubric that is already in place that the district court deviated from and should have followed. Okay, all right, thank you, counsel. Thank you, Your Honors. We thank counsel for their excellent argument today and briefing.